UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| DAVID M. NJENGA, | |
|---|---|
| Plaintiff, | No. C08-5679 RJB/KLS |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN WIGEN, et al., | **NOTED FOR: November 13, 2009** |
| Defendants. | |

Before the Court is Plaintiff David M. Njenga's "Complaint for Damages" (Dkt. 20), in which Mr. Njenga seeks an immediate injunction "restraining the defendant's from subjecting plaintiff from any unwarranted harassment." *Id.*, p. 1.

Having carefully reviewed the motion, Defendants' response (Dkt. 21), and balance of the record, the Court recommends that Mr. Njenga's motion should be denied.

### I. BACKGROUND AND RELIEF REQUESTED

By Order Granting Motion to Consolidate, Case No. C09-5108 RBL was consolidated into this case. Dkt. 9. An Order to serve copies of both complaints, noting that the complaints shall for all purposes be treated as one complaint, was issued on May 20, 2009. Dkt. 12. On June 1, 2009, Plaintiff filed a "Request for an Order Restraining Defendant From Harassing Plaintiff and Request for Witness." Dkt. 13. The motion was filed shortly after the Court's order

REPORT AND RECOMMENDATION- 1

of consolidation with Case No. C09-5180JRC/RBL, but prior to service of the complaint on Defendants. On July 17, 2009, the Court struck the noting date, advising Plaintiff that he may re-note the motion by filing and serving it on Defendants' counsel. Dkt. 19. Plaintiff filed the present motion for injunctive relief, entitled "Complaint for Damages" on September 21, 2009. Dkt. 20. Defendants have filed a response (Dkt. 21), and their answer to the consolidated complaints. Dkt. 24.

Plaintiff's motion for injunctive relief consists of two pages. Dkt. 20. He asserts that since he filed his lawsuit he has been "subjected to a lot of harassment." *Id.*, p. 1. He states that on September 9, 2009 some agents from ICE headquarters and the American Bar Association (ABA) spoke to him regarding his claims of mistreatment. *Id.* On September 17, 2009, Plaintiff alleges that he was called to speak with Lt. Shelly and thereafter, Lt. Shelly ordered Officer Ogden to harass him. *Id.*, p. 1. Plaintiff alleges that it is for this reason that an immediate injunction should issue restraining Defendants from subjecting him to "any unwarranted harassment." *Id.* Mr. Njenga also complains that in the past few months, he has been moved from one unit to another without just cause and as a result he lost three twenty dollar phone cards and other items. *Id.*, p. 2. Mr. Njenga further claims that he made numerous requests for an investigation, but has received no reply as to the items left behind when he was moved. *Id.*

In his Declaration filed in support of Defendants' opposition to Mr. Njenga's motion, Lt. Dale Shelley declares that he spoke with Mr. Njenga on September 17, 2009 as part of an investigation into the passing of contraband, specifically using phone cards as currency. Dkt. 22, p. 1. Lt. Shelley has provided the Court with a copy of his investigation report, which indicates that another detainee Daniel Kingoo was found carrying an envelope with Mr. Njenga's name on it in the library. *Id.*, Exh. A. The envelope contained a $10.00 phone card and note from another

REPORT AND RECOMMENDATION- 2

detainee, Mohammed Fofana, which stated: "I have a ten dollar phone card for you," and "I don't have anything new but if I do I will come to see you at the library." Dkt. 22, Exh. A, pp. 4-6, 8 (CM/ECF page numbering). The report further reflects that on September 17, 2009, Lt. Shelley questioned Mr. Njenga in his office about the envelope. *Id.*, p. 8. Lt. Shelley asked Mr. Njenga why another detainee would be sending him a phone card in a letter and whether Mr. Njenga was operating a business out of the library for other detainees. *Id.* Mr. Njenga stated that he was not, but that he had been assisting detainee Fofana in the library for about two months, beginning after detainee Rudder left. *Id.* During his questioning, detainee Fofana stated that he had to give the ten dollars to charity for Ramadan so he gave the $10.00 phone card to Mr. Njenga and that the phone card was not a payment or compensation. *Id.*, pp. 8-9.

Lt. Shelley did not charge Mr. Njenga following this investigation. *Id.*, p. 2. Lt. Shelley also declares that he did not question Mr. Njenga about any communications with ICE or ABA officials and that he did not know that Mr. Njenga has spoken with them. *Id.*, p. 2. In addition, Lt. Shelley states that he did not instruct Officer Ogden or any other officer to "harass" the plaintiff. *Id.* Lt. Shelley states that Mr. Njenga has not filed any grievance or request relating to any lost phone cards. *Id.*; Exh. 8. Finally, Lt. Shelley states that Mr. Njenga was moved within the facility one time on July 10, 2009 from D2 to B3 where he is currently housed, that neither units are segregation units, and that the move was not for any disciplinary reason. *Id.*; Exh. A, p. 19. The only other move in 2009 that Lt. Shelley can confirm is a move on January 9th from segregation to A1 and then a move from A1 to D2 on January 10, 2009. Dkt. 22, p. 2.

In her declaration in support of Defendants' opposition to Mr. Njenga's motion, Officer Cindy Ogden states that on September 17, 2009, detainee Kingoo came into the library with an envelope with detainee Njenga's name on it. Dkt. 23, p. 1. Detainee Kingoo stated that he was

REPORT AND RECOMMENDATION- 3

asked by another detainee to deliver the envelope to Mr. Njenga. *Id*. His possession of another detainee's property violates the rules that prohibit detainees from possession of the property of another detainee, so Officer Ogden confiscated the envelope and delivered it to Lt. Shelly to investigate. *Id.*, p. 2. Thereafter, Officer Ogden was no longer involved in the matter. *Id*. Officer Ogden states that she was not ordered or asked to harass Mr. Njenga and that she has not harassed him. *Id*. Finally, Officer Ogden declares that Mr. Njenga never complained to her that he lost any phone cards or other possessions due to any move within the facility. *Id*.

## II. DISCUSSION

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

A party seeking a preliminary injunction must fulfill one of two standards, the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987). The traditional equitable criteria for granting a preliminary injunction are "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if the injunctive relief is not granted; (3) a balance of hardship favoring the plaintiffs; and (4) advancement of the public interest." *Mayweather v. Newland*, 258 F.3d 930, 938 (9th Cir.2001) (quoting *Textile Unltd., Inc. v. ABMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir.2001)). Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of

REPORT AND RECOMMENDATION- 4

probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.*

The standards "are not discrete tests, but are instead 'outer reaches of a single continuum.' " *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir.1995) (citing *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir.1988)). To obtain injunctive relief under either standard the moving party must demonstrate exposure to irreparable harm absent the requested judicial intervention. *Caribbean Marine Service Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988). Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. *Id.* Rather, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. *Id.* (emphasis in original).

Defendants argue that Plaintiff is not entitled to the injunctive relief he seeks because he has failed to provide any evidence of harassment, he was moved within the facility one time since January 2009, but the move predated his allegations of harassment, and he has not grieved the loss of any phone cards or other property as alleged. Dkt. 21, p. 3. The Court agrees.

Mr. Njenga has failed to meet any of the necessary criteria that would indicate he is entitled to the extraordinary injunctive remedy he seeks. He has failed to allege or provide evidence of a violation of a federal right, and cannot demonstrate that his requested relief is narrowly tailored to correct any alleged violation or that it is the least intrusive means to correct any alleged violation. Mr. Njenga has not shown that he is likely to succeed on the merits or that he will suffer irreparable injury if he is not granted preliminary relief. He has provided no evidence of his complaints that any of the defendants have or continue to harass him or that he filed any grievance or request for an investigation into any missing phone cards or other property. Rather, the only evidence before the Court, which was provided by Defendants,

REPORT AND RECOMMENDATION- 5

indicates that Mr. Njenga was moved within the facility on at least two occasions in 2009, but that these moves occurred prior to his claim that he was subjected to harassment in September 2009. The evidence also reflects that Mr. Njenga never filed any grievance or request for investigation into any missing telephone cards or other items, whether following a move within the facility or otherwise. Instead, the evidence reflects that in September 2009, Mr. Njenga was questioned as part of a routine investigation into another detainee's possession of a telephone card and note addressed to Mr. Njenga.

## CONCLUSION

As Mr. Njenga has failed to meet his burden of establishing the necessity of a preliminary injunction, the undersigned recommends that the Court deny his motion for preliminary injunction (Dkt. 20).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 13, 2009**, as noted in the caption.

DATED this __26th__ day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6