UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID M. NJENGA,<br><br>                              Plaintiff,<br><br>     v.<br><br>WARDEN WIGEN, et al.,<br><br>                              Defendants. | No. C08-5679 RJB/KLS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR INVOLUNTARY DISMISSAL AND ORDER GRANTING EXTENSION OF DISCOVERY DEADLINE |

Before the court are Defendants' motion for involuntary dismissal pursuant to Rule 41(b) (Dkt. 37) and in the alternative, motion for an extension of the discovery deadline.  Dkt. 39. Plaintiff has filed a response.  Dkt. 44.  Having carefully considered the motions, responses, and balance of the record, the Court finds that the motion for involuntary dismissal should be denied and the discovery deadline extended.

## *BACKGROUND*

By Order Granting Motion to Consolidate, Case No. C09-5108 RBL was consolidated into this case.  Dkt. 9.  An Order to serve copies of both complaints, noting that the complaints shall for all purposes be treated as one complaint, was issued on May 20, 2009.  Dkt. 12.

On June 1, 2009, Plaintiff filed a "Request for an Order Restraining Defendant From Harassing Plaintiff and Request for Witness."  Dkt. 13.  The motion was filed shortly after the Court's order of consolidation with Case No. C09-5180JRC/RBL, but prior to service of the complaint on Defendants.  On July 17, 2009, the Court struck the noting date, advising Plaintiff that he may re-note the motion by filing and serving it on Defendants' counsel.  Dkt. 19.

ORDER - 1

Plaintiff's second motion for injunctive relief was filed on September 21, 2009, prior to the filing of Defendants' answer. Dkts. 20 and 24, respectively. Plaintiff did not serve Defendants with his second motion; however, Defendants responded to the motion, and the court issued its report and recommendation that the motion be denied. Dkts. 21 and 26. On November 13, 2009, the district court adopted the report and denied the injunctive relief requested by Plaintiff. Dkt. 28.

Plaintiff filed his third motion for restraining order on December 28, 2009. Dkt. 29. However, he again failed to indicate that he served the Defendants with the motion. *Id.* The court directed Plaintiff to file a proof of service of his motion on the Defendants. Dkt. 33, p.2.

On February 8, 2010, Defendants filed their response to Plaintiff's motion for temporary restraining order. Dkt. 34. In their response, Defendants argue that Plaintiff has filed no declaration or other evidence to support his request for "an order restraining officer Ogden and any other office from causing me unnecessary harassment." Dkt. 34 (citing Dkt. 29 at 7).[1]

Instead of filing proof of service, Plaintiff filed a motion for a thirty day extension of time within which to file an affidavit and reply to Defendants' response. Dkt. 36. At that time, Plaintiff stated that he previously filed the affidavit, but it was apparently never received by the court, and that the ACLU has indicated that they are willing to take over his case. Dkt. 36, p. 2. The court granted the requested extension and ordered that Plaintiff shall file his affidavit, reply and proof of service on or before March 26, 2010. Dkt. 40. Three days later, Plaintiff filed a duplicate request for an extension of time (Dkt. 43), and eighteen days later, Plaintiff filed a third

---

[1] Defendants' reference is to the unsigned copy of Mr. Njenga's petition (Dkt. 11) that is tacked on to the end of his motion. See Dkt. 29, pp. 3-7. The court reads Mr. Njenga's motion as requesting an order directing that a written interview, which he claims was improperly confiscated from him, be filed with the Board of Immigration Appeals.

ORDER - 2

request for an extension of time. Dkt. 45. Plaintiff again states that he is waiting for the ACLU to take over his case.

## *DISCUSSION*

Defendants move for involuntary dismissal pursuant to FRCP 41(b) because (1) Mr. Njenga failed to comply with the court's order to submit proof of service of his motion for preliminary injunctive relief on the defendants; (2) he failed to file affidavits or declarations to support his claim; and (3) he has not conducted any discovery in this matter. Dkt. 37, p. 2.

Rule 41(b) requires that federal actions be prosecuted with reasonable diligence. See *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976). The court must weigh several factors before imposing the extreme sanction of involuntary dismissal. The court must examine: (1) the public's interest in the expeditious disposition of cases; (2) the court's docket concerns; (3) the rebuttable presumption of prejudice to the defendant; (4) the judicial policy favoring disposition of cases on the merits; and (5) the availability of a less drastic sanction. See *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999).

Although the court does have a strong interest in expeditious resolution of cases, the court does not find persuasive defendant's arguments that Mr. Njenga is "abusing the court process." Nor does the court find defendants' argument of prejudice compelling. The record reflects that while Mr. Njenga failed to provide proof of service on his motion for preliminary relief, defendants were not prejudiced by his failure and were able to make a timely and appropriate response. The strong sanction of involuntary dismissal is too harsh considering these factors.

Accordingly, it is **ORDERED:**

ORDER - 3

(1) Defendants' motion for involuntary dismissal pursuant to Rule 41(b) (Dkt. 37) is **DENIED**.

(2) Defendants' motion for an extension of the discovery deadline (Dkt. 39) is **GRANTED**; the discovery deadline is extended until **June 4, 2010.**

(3) The Clerk is directed to send a copy of this Order to Plaintiff and counsel for Defendants.

DATED on the  1st   day of April, 2010.

　　　　　　　　　　　　　　　　　　　　　 *Karen L. Strombom*
　　　　　　　　　　　　　　　　　　　　　  Karen L. Strombom
　　　　　　　　　　　　　　　　　　　　　  United States Magistrate Judge

ORDER - 4