1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID M. NJENGA,

                              Plaintiff,

        v.

WARDEN WIGEN, et al.,

                              Defendants.

No. C08-5679 RJB/KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR:  April 30, 2010**

        Before the Court is Plaintiff David M. Njenga's motion for temporary injunction.  Dkt.

29.  Plaintiff has also filed a motion for an additional extension to file proof of service of his

motion for injunctive relief and to file a response.  Dkts. 43 and 45.  Having carefully reviewed

the motions, Defendants' response (Dkt. 34), and balance of the record, the Court recommends

that Mr. Njenga's motions should be denied.

*BACKGROUND AND RELIEF REQUESTED*

        By Order Granting Motion to Consolidate, Case No. C09-5108 RBL was consolidated

into this case.  Dkt. 9.  An Order to serve copies of both complaints, noting that the complaints

shall for all purposes be treated as one complaint, was issued on May 20, 2009.  Dkt. 12.

        On June 1, 2009, Plaintiff filed a "Request for an Order Restraining Defendant From

Harassing Plaintiff and Request for Witness."  Dkt. 13.  The motion was filed shortly after the

REPORT AND RECOMMENDATION- 1

Court's order of consolidation with Case No. C09-5180JRC/RBL, but prior to service of the complaint on Defendants.  On July 17, 2009, the Court struck the noting date, advising Plaintiff that he could re-note the motion by filing and serving it on Defendants' counsel.  Dkt. 19.

Plaintiff's second motion for injunctive relief was filed on September 21, 2009, prior to the filing of Defendants' answer.  Dkts. 20 and 24, respectively.  Plaintiff did not serve Defendants with his second motion; however, Defendants responded to the motion, and the court issued its report and recommendation that the motion be denied.  Dkts. 21 and 26.  On November 13, 2009, the district court adopted the report and denied the injunctive relief requested by Plaintiff.  Dkt. 28.

On December 28, 2009, the Plaintiff filed a document titled "Petition For civil rights violation Under 1983."  Dkt. 29.  The first heading in this document is "Motion."  In the body of the "Motion," Mr. Njenga complains about an unnamed librarian and an unnamed lieutenant, who confiscated documents from the Plaintiff and have refused to return them.  In that regard, the Plaintiff has requested the Court "to intervene and issue an order that the documents that were seized be sent forthwith to the BIA and a copy served to the office of the District Counsel and original be returned to plaintiff for his records."  Dkt. 29, p. 2.

The balance of Dkt. 29 is a duplication of the Complaint (Dkt. 11) the Plaintiff initially filed under this cause number.  He then repeats the request for relief that was included in his Complaint which is "an order restraining officer Ogden and any other officer from causing me unnecessary harassment."  The court notes, however, that in recent filings Mr. Njenga states quite clearly that officer Ogden has been treating him fairly.  Dkt. 44.  The undersigned, therefore, assumes that the motion before the court is with regard to the Plaintiff's request that the documents seized by an unnamed librarian and unnamed lieutenant be sent to the BIA with

REPORT AND RECOMMENDATION- 2

1    copies to the office of the District Counsel with return of the originals to the Plaintiff for his

2    records.

3           The Plaintiff failed, again, to provide proof of service regarding the pleading found at Dt.

4    29.  The court directed Mr. Njenga to file a proof of service on defendants.  Dkt. 33, p. 2.

5           In the meantime, Defendants filed their Response to Motion for Injunctive Relief.  Dkt.

6    34.  The Defendants request dismissal of the Plaintiff's "motion" on the grounds that the Plaintiff

7    has filed no declaration or other evidence to support his request for a restraining order.  In

8    addition, the Defendants point out that they have not been properly served with the "motion."

9

10          Instead of filing proof of service, Plaintiff filed a motion for a thirty day extension of

11   time within which to file an affidavit and reply to Defendants' response.  Dkt. 36.  At that time,

12   Plaintiff stated that he previously filed the affidavit, but it was apparently never received by the

13   court, and that the ACLU has indicated that they are willing to take over his case. Dkt. 36, p. 2.

14   The court granted the requested extension and ordered Plaintiff to file his affidavit, reply and

15   proof of service on or before March 26, 2010.  Dkt. 40.   Three days later, Plaintiff filed a

16   duplicate request for an extension of time (Dkt. 43), and eighteen days later, Plaintiff filed a third

17   request for an extension of time.  Dkt. 45.  Plaintiff again states that he is waiting for the ACLU

18   to take over his case.

19

20          In his latest motion for restraining order, Mr. Njenga alleges that in December 2009 he

21   was interviewed by the "Kenyan politico reporter," who later sent Plaintiff a copy of the written

22   interview to sign.  *Id.*, p. 2.  Plaintiff wanted to file a copy of the interview with the Board of

23   Immigration Appeals (BIA), but he alleges that an unnamed NWDC librarian refused to make

24   the necessary documents and confiscated the document.  *Id.*  Plaintiff was then told by an

25   unnamed lieutenant that the document would not be returned to him.  *Id.*  Plaintiff requests an

26

REPORT AND RECOMMENDATION- 3

immediate order that the seized document be sent to the BIA, office of the District Counsel, and

original returned to Plaintiff for his records.  *Id.*

*DISCUSSION*

In civil rights cases, injunctions must be granted sparingly and only in clear and plain

cases.  *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to

preserve the status quo between the parties pending a final determination on the merits. *Univ. of

Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Chalk v. United States Dist. Ct.*, 840 F.2d 701,

704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of

the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325

U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997).

A party seeking a preliminary injunction must fulfill one of two standards, the

"traditional" or the "alternative."  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir.1987).  The

traditional equitable criteria for granting a preliminary injunction are "(1) a strong likelihood of

success on the merits; (2) the possibility of irreparable injury to the plaintiffs if the injunctive

relief is not granted; (3) a balance of hardship favoring the plaintiffs; and (4) advancement of the

public interest."  *Mayweather v. Newland*, 258 F.3d 930, 938 (9th Cir.2001) (quoting *Textile

Unltd., Inc. v. ABMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir.2001)). Under the alternative

standard, the moving party may meet its burden by demonstrating either (1) a combination of

probable success and the possibility of irreparable injury or (2) that serious questions are raised

and the balance of hardships tips sharply in its favor.  *Id.*

The standards "are not discrete tests, but are instead 'outer reaches of a single

continuum.' " *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir.1995) (citing *Chalk v. United States

Dist. Ct.*, 840 F.2d 701, 704 (9th Cir.1988)). To obtain injunctive relief under either standard the

REPORT AND RECOMMENDATION- 4

moving party must demonstrate exposure to irreparable harm absent the requested judicial

intervention.  *Caribbean Marine Service Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988).

Speculative injury does not constitute irreparable injury sufficient to warrant granting

preliminary relief.  *Id*.  Rather, a plaintiff must demonstrate immediate threatened injury as a

prerequisite to preliminary injunctive relief.  *Id*. (emphasis in original).

Here, Mr. Njenga has made no showing that either the traditional or alternative standards

have been met.  In addition, "[i]t is elementary that one is not bound by a judgment *in personam*

resulting from litigation in which he is not designated as a party or to which he has not been

made a party by service of process."  *Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 110

(1969).  In other words, "a court has no power to adjudicate a personal claim or obligation unless

it has jurisdiction over the person of the defendant."  *Id*.

Plaintiff has failed to present any evidence that any of the named defendants participated

in any immediate threatened injury.  Instead, Plaintiff claims to have been harmed by an

unnamed librarian and an unnamed lieutenant.  However, these individuals do not appear to be

named as defendants in this action.  As such, the court has no power to grant the injunctive relief

requested.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court deny Plaintiff's

motion for preliminary injunction. Dkt. 29.   Mr. Njenga's third motion for extension of the

court-ordered deadline for submitting his proof of service and reply (Dkts. 43 and 45) should

also be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION- 5

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 30, 2010**, as noted in the caption.

DATED this <u>2nd</u> day of April, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 6