IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DAVID MUNGAI NJENGA,

                Plaintiff,

  v.

WARDEN NWDC, et al.,

                Defendants.

CASE NO. C08-5679-RJB

REPORT AND RECOMMENDATION

The undersigned was named as a settlement judge on September 20, 2010 (Dkt. #66).

On September 23, 2010, the parties convened for purposes of conducting the settlement conference. Pursuant to that conference, the parties reached a settlement agreement resolving all issues between the parties and signing a proposed Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A, and submitted herewith for the Court's consideration.

One of the terms of the settlement agreement was a request by the parties that the undersigned submit a Report and Recommendation to the District Court to relieve the plaintiff of any obligation to pay the filing fee of $350.00. This Report and Recommendation addresses that request.

REPORT AND RECOMMENDATION - 1

On April 29, 2009, the District Court granted plaintiff's motion to proceed *in forma pauperis* (Dkt. 6). Under the Prison Litigation Reform Act of 1995 (the "PLRA"), the District Court is required to assess a fee whenever a prisoner is granted leave to proceed *in forma pauperis* in a civil action and prison officials are required to collect and remit the money to the court. See 28 U.S.C. § 2925(b)(1)-(2). This statute provides for a partial payment installment plan as the plaintiff has money in his account until the filing fee is paid.

The requirement that prisoners proceeding *in forma pauperis* pay the filing fee does not apply to immigration detainees not facing criminal charges. See Agyeman v. INS, 296 F.3rd 871, 885-86 (9th Cir. 2002).

The undersigned has been advised by the INS authorities and the Warden at the NW Detention Center that plaintiff David Mungai Njenga is an immigration detainee and is not otherwise facing criminal charges. Therefore, there is no requirement under 28 U.S.C. § 1915(b)(1)-(2) that he remit the filing fee if this court exercises its discretion to relieve him of that obligation. The statute states that at the conclusion of the suit or action "judgment may be rendered for costs. . . ." 28 U.S.C. § 1915(f)(1). This language gives the court the discretion in this case to include a provision in the judgment relieving the plaintiff of any further obligation to pay the filing fee.

IT IS THEREFORE RECOMMENDED that this Court include a provision in the dismissal of the case with prejudice that plaintiff be relieved of any further obligation to pay the filing fee under 28 U.S.C. § 1915.

Because the parties have entered into a settlement agreement requesting the undersigned to make this Report and Recommendation, the undersigned believes that the parties have waived

REPORT AND RECOMMENDATION - 2

any objections to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) and that the Court is authorized to act immediately upon this Report and Recommendation.

Dated this 24th day of September, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3